# WILLIAM SAVAGE *versus* JAMES BIRCKHEAD *et al.*

Where depositions taken under a commission were returned, together with the commission and interrogatories, in an envelope under the seal of the commissioner, but were not attached to the commission, and the commissioner's certificate of caption was also upon a separate paper in the same envelope, the depositions were admitted in evidence.

An American consul residing in a foreign country, and who has been duly accredited there, is a magistrate authorized to take affidavits and depositions in such country, within the meaning of the rule of court respecting commissions to take depositions.

Where a commission to take a deposition in a foreign port was directed to a commissioner specially named, and in case of his absence, to a magistrate, the magistrate's certificate in the caption of the deposition, of the absence of the commissioner specially named, was deemed sufficient evidence of that fact, to render the deposition admissible in evidence.

In the case of a deposition taken under a commission, the omission or refusal of the deponent to answer some of the interrogatories, may or may not be a sufficient reason for rejecting the deposition, according to circumstances.

Where the deponent was requested in the plaintiff's interrogatory to examine the defendant's books of account, to make large abstracts and statements from them, and to call on the commissioner to compare them with the originals and verify them, it was *held* that the deponent was not bound to comply with the request, it being an attempt to make these abstracts evidence, when, if the books were to be used at all, the defendants were entitled to the benefit of having the whole contents of them introduced, so far as pertinent to the same subject.

It is not incumbent on the judge to instruct the jury that certain evidence, if believed, is conclusive of the cause, unless the evidence is to a fact which, if pleaded and admitted in the pleadings, would be a legal ground for a judgment. If the fact can be explained, controlled or modified by other facts and circumstances, or if it be a fact which, if it appeared in pleading, could be confessed and avoided, it cannot be declared conclusive.

In an action against foreign commission merchants for unskilfulness and neglect in negotiating bills of exchange and purchasing a cargo on the plaintiff's account, evidence, — that the defendants negotiated the bills at the same time with those of other parties and averaged the rates of exchange ; that having a great deal of back business undone, and large sums to draw for against other cargoes, they were bound in justice, in their negotiations, to contemplate all parties, and necessitated by circumstances to force their bills on the market on whatever terms the purchasers offered and as opportunities occurred, and apportion the whole of their operations afterwards, — was *held* (if believed) not to be conclusive on the question of negligence or want of due skill on the part of the defendants.

THIS was an action of the case, by a merchant of Boston, against a mercantile house in Rio de Janeiro, charging them with negligence and breach of duty, as commission merchants, in the transaction of the plaintiff's business. The plaintiff had given the defendants instructions to draw bills of exchange on London, and with the proceeds to purchase forthwith a

certain quantity of coffee, to be shipped on board the brig Neva. The cause was tried before *Wilde* J., and a verdict having been returned in favor of the defendants, the plaintiff took several exceptions in matters of law.

Certain depositions taken at Rio de Janeiro on behalf of the defendants, by John Martin Baker, the American consul, were offered in evidence by the defendants.

These depositions were taken under a commission issued by the Court of Common Pleas, dated June 11, 1834, addressed to "Ethan A. Brown, American minister at Rio de Janeiro, in Brazil, or such person as he shall appoint; and in case of his absence, inability or refusal to serve, or appoint the commissioner, then to the British consul general, or such person as he shall appoint; and upon his absence, inability or refusal, then to any justice of the peace, notary public, or other officer legally empowered to take depositions or affidavits in Rio de Janeiro."

The commission was executed in November and December 1835. The depositions were not attached to the commission and interrogatories, but were enclosed with them in an envelope, directed to the Court of Common Pleas. The envelope was sealed with the seal of the consul, and was opened by the clerk of the Court of Common Pleas in April 1836. In the same envelope, on a detached sheet of paper, was the following certificate under the consular seal. "I, John Martin Baker, consul, &c., having been requested in the absence of the several persons more especially named in the commission hereto attached, to attend to the execution thereof, do hereby solemnly certify to the justices of the Court of Common Pleas, &c., that the depositions of witnesses hereunto attached, have been taken, sworn and examined by me on the several days specified therein, and reduced to writing in my presence by Robert Hewett Hyne the clerk, and that I have conformed in every respect to the instructions contained in said commission. In testimony, &c., John Martin Baker, commissioner, and consul of the United States at Rio de Janeiro." In the same envelope was a detached sheet of paper containing the following writing: "Depositions of witnesses produced before John Martin Baker, Esq., consul, &c. under and by virtue of the commission hereto attached, issuing out

of and under the seal of the Court of Common Pleas, &c., in a certain suit therein pending, wherein William Savage is plaintiff and James Birckhead and others are defendants." The beginning of each deposition was in form as follows : " Walter William Mayor being produced, sworn and examin ed as a witness on the part of the defendants, deposes as follows : To the first interrogatory he says," &c., and at the end the form was, " Taken, sworn and examined, and by Robert Hewett Hyne reduced to writing in the presence of the commissioner, on, &c., and by the said W. W. Mayor subscribed this twenty-third day of December 1835. John Martin Baker, U. States consul at Rio de Janeiro, and commissioner in this case."

These depositions were objected to by the plaintiff for the following reasons :

1. Because they were taken by the American consul, the employment of whom as commissioner was objected to by the plaintiff's counsel before the issuing of the commission.

As to this the facts were, that in consequence of the objec tion the commission was specially addressed as before recited. As soon as the manner in which the commission had been executed, was known to the plaintiff's counsel, he gave notice to the defendant's counsel, that he should object to the admission of the depositions.

The only evidence produced of the absence, inability or refusal of the American minister and British consul general, is contained in the foregoing certificate of Baker.

In July 1835, the defendant's counsel stated to the plaintiff's counsel, that both of the commissioners named in the commission were absent from Rio de Janeiro, and he requested the consent of the plaintiff's counsel to insert the name of a Mr. Hunter as commissioner ; to which the plaintiff's counsel replied, that he would consent, provided the new rule of court should be transmitted to Hunter for his government, and provided the plaintiff should have liberty to add one or two interrogatories ; which proposal was not acceded to by the defendant's counsel.

2. Because the depositions were not annexed or attached to the commission and interrogatories.

There was no direct evidence that the interrogatories were proposed to the witnesses, other than what appears from the documents themselves.

3. Because the consul's certificate of caption is not annexed or attached to the commission and interrogatories.

4. Because the deponents (more particularly Mayor, who was a clerk in the defendant's service) refused to answer several of the cross interrogatories.

In the cross interrogatories the witness was requested to examine the books of the defendants, and state the date, amount, and rate of exchange, of every bill by them bought, or drawn, or sold, from the time of the arrival of the Neva, September 20, 1832, to January 1, 1833, giving the names of the purchasers and drawers, as shown by the books, and their residence ; and when the witness should have prepared such statement, to let the commissioner compare it with the books and verify it. Mayor made answer, that notwithstanding he had access to the defendants' books, he considered that the general statement of their bill transactions, as required in the cross interrogatory, could not with any propriety be furnished ; inasmuch as the cross interrogatory sought disclosures irrelevant to this suit, wholly incompatible with mercantile usages, and the fidelity of agents to their constituents, and it demanded an exposition of other people's affairs entirely unconnected with the case. The witness did not annex the statement required.

It further appeared by the testimony of Mayor, that the defendants negotiated the exchange for the plaintiff's vessel, at the same time with that of other parties, whose business was on hand, and that an average of the whole was taken ; that it was impossible for the defendants, at the time when the bills for this vessel were negotiated, to pass their paper in the market for specific amounts, and having a great deal of back business undone, and large sums to draw for against other cargoes, they were bound in justice to contemplate in their negotiations, so far as practicable, all parties, and necessitated by circumstances to force their bills upon the market at any exchange, and on whatever terms the takers offered, and as opportunities occurred, and apportion the whole of their opera

tions afterwards. On this evidence the plaintiff's counsel requested the judge to instruct the jury, that such acts of the defendants were conclusive evidence of unskilfulness and neglect of the plaintiff's interest. The judge refused so to instruct the jury, but submitted this evidence for their consideration, in connexion with all the other evidence on this point.

The case was argued by *S. Hubbard* and *C. P. Curtis,* for the plaintiff, and by *C. G. Loring* and *Sprague,* for the defendants.

On the part of the plaintiff it was insisted, that the depositions ought to have been attached to the commission ; that this was necessary to prevent a fraudulent suppression of a deposition or fraudulent insertion of papers ; *Dodge v. Israel,* 4 Wash. C. C. R. 323 ; that it did not appear by the commissioner's certificate itself, that it had reference to this cause. On the part of the defendants it was answered, that when the depositions were taken there was no rule of court, and no instruction in the commission, requiring them to be attached to the commission ; 16 Mass. R. 373 ; and that a party procuring a deposition, has a right to suppress it if he finds it does not answer his purpose. *Per Curiam.* The depositions were connected by the envelope, and the consul was as much responsible for the papers which he had put under his seal, as if he had attached them together by a riband. In either case there might be fraud or mistake. But no mistake nor improper conduct has been suggested in regard to the depositions now under consideration, and this objection cannot prevail. And the next objection, namely, that the certificate of caption was not annexed or attached to the commission and interrogatories, stands on the same ground.

The counsel for the plaintiff said further, that it was specially agreed between the counsel on both sides, that the commission should not be addressed to the American consul, and that the reasons on the part of the plaintiff's counsel were, 1. That probably the consul was often employed by the defendants and received fees for his services, and might therefore be under an influence in their favor ; and, 2. That he was himself named among those whose depositions were to be taken. They conceded that he would be authorized to exe-

*Savage*
*v.*
*Birckhead.*

*March 30th*

Savage
v.
Birckhead.

cute the commission in case it could not be done by the American minister or British consul general, or some person named by one of them, but they contended that there ought to have been testimony under oath, of the absence, inability or refusal of the minister and consul general.

In regard to the refusal of the deponents to answer some of the cross interrogatories, the plaintiff's counsel said that the deponents were not to be the judges of what was proper or pertinent.

*April 4th.*

SHAW C. J. delivered the opinion of the Court. The Court are of opinion, that an American consul, residing in a foreign country, and who has been duly accredited there, is a magistrate, authorized to take affidavits and depositions in such foreign state or country, within the meaning of the rules of this Court, directing commissions to take depositions, and that the depositions taken in this case by Mr. Baker, the American consul, in the absence of the special commissioners, to whom it was first addressed, was duly and properly taken. *Brancker* v. *Parker*, in Suffolk, March term 1837.

Another exception to the depositions was, that some questions propounded by the plaintiff were not answered.

So far as the objection goes upon the assumption, that a deposition must be rejected because some of the questions of the adverse party are not answered, as a general rule it is untenable. Where many interrogatories are addressed to several witnesses, it may well happen that no one can answer them all, especially where the adverse party cross-examines to new matter, not embraced in the direct interrogatories; in which case a failure to answer would be no impeachment of the witness. Cases may be supposed, where if a witness is manifestly favorable to the party taking the deposition, and declines answering pertinent and material questions, to facts apparently within his knowledge, it would be a good ground for excluding the deposition altogether. It would show that the witness had violated his duty and his oath, in not telling the whole truth, and the deposition would in effect be taken *ex parte*. In general however the objection would go to the credit of the witness, as indicating prejudice or partiality.

In the present case, as to the failure of the witness mostly

relied on, we think there is an obvious answer.   The witness,
a clerk of the defendants, or one who had stood in that rela-
tion, was requested to examine the defendants' books, to make
large abstracts, tables and statements from them, and to call
on the commissioner to compare them with the originals and
verify them.   This we think the witness was not bound to do,
and is well excused in not doing.   It was an attempt to make
these abstracts evidence, by the joint certificate of the wit-
ness and the commissioner, not as facts known to either of
them, but as admissions, having their efficacy from the fact of
being found in the defendants' books.   But if the defendants'
books were to be used at all, the defendants were entitled to
the benefit of having the whole contents of them introduced,
so far as pertinent to the same subject, under a proper case
for that purpose.   In this case, the objection to the deponent,
if there was any, was to his credit and not to his competency.

There was also an exception to the instruction of the judge
who tried the cause.   A passage was extracted from Mayor's
deposition, in relation to the transactions of the defendants,
respecting the negotiation and sale of exchange, and thereupon
the plaintiff's counsel requested the judge to instruct the jury,
that such acts were conclusive evidence of unskilfulness and
neglect of the plaintiff's interest.   This he refused to do, but
submitted it for their consideration in connexion with all the
other evidence on this point.

There are few cases, in which a judge can instruct the jury,
upon a detached portion of evidence, that it is conclusive.
It may sometimes occur that a witness testifies to a precise
fact, of such a character, that if true it will be decisive of the
cause.   In such case a judge may safely tell the jury, that if
they believe the witness, it is conclusive.   But the testimony
must be to a fact, which if pleaded and demurred to, or oth-
erwise admitted in the pleadings, would be a legal ground for
a judgment.   But if the fact can be explained, controlled or
modified, by other facts and circumstances, or if it be a fact,
which if it appeared in pleading, could be confessed and
avoided, it cannot be declared conclusive.   To apply it to
the present case, if the testimony respecting the sale and ne-
gotiation of exchange, by the defendants, could be accounted

for by any supposable circumstances, consistently with the good faith and competent skill of the defendants, it could not be held legally conclusive.   That they might be so accounted for, in many ways, from the peculiar condition of the country and the actual state of commerce at the place and time, or the particular circumstances in which the parties were placed, appears to the Court very manifest ; whether they were so, was a question for the jury on the evidence.   For this purpose the testimony of Mayor was properly submitted to the jury with the other evidence, but could not be considered legally conclusive of negligence or want of due skill, on the part of the defendants.

*Judgment on the verdict for the defendants*